UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| ANTHONY J. BRODZKI, | ) | |
| Plaintiff, | ) | 03:11-cv-00878-HU |
| vs. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

HUBEL, Magistrate Judge:

### Introduction

This matter comes before the court on plaintiff Anthony J. Brodzki's ("Brodzki") application [1] to proceed *in forma pauperis*. The request to proceed *in forma pauperis* is granted solely for the purpose of this Findings and Recommendation. For the reasons stated below, however, the complaint should be dismissed.

### Brodzki's Litigation History

As an initial matter, I note that Brodzki appears to be a citizen of the state of Texas and is no stranger to the federal judicial system. In fact, the Federal Judicial Public Access to Court Electronic Records ("PACER") Service reflects that Brodzki has filed more than 100 cases, including appeals, since September

FINDINGS AND RECOMMENDATION    1

2009. *See* <u>http://pacer.psc.uscourts.gov</u> (last visited January 10, 2012). Brodzki's lawsuits have been described as "wholly within the realm of fantasy," *Brodzki v. Reg'l Justice Ctr.*, 10-CV-01091-LRL (D. Nev. July 22, 2010), and have resulted in Brodzki being monetarily sanctioned based upon his history of submitting frivolous lawsuits. *See Brodzki v. N. Richland Hills Police Dept.*, No. 10-CV-0539-P-BH (N.D. Tex. Mar. 31, 2010). The Northern District of Illinois has also issued a vexatious litigant order against Brodzki. *See In re Anthony J. Brodzki*, No. 10-CV-04591 (N.D. Ill. July 23, 2010).

    Like this case, Brodzki's prior claims frequently involved allegations of electronic harassment by law enforcement. *See, e.g., Brodzki v. N. Richland Hills*, No. 1:11-cv-04683-ENV-CLP (E.D. N.Y. October 31, 2011) (noting that, as here, Brodzki sought $50,000,000 in damages and an injunction stopping intrusions of the mind and body); *see also Brodzki v. Texas*, Nos. A-11-CA-223-SS, A-11-CA-337-SS, 2011 WL 2173615, at *3 (W.D. Tex. June 2, 2011) (stating that, "Brodzki has a history of filing frivolous lawsuits. He has alleged these same or similar facts in many previous suits, all of which have been dismissed."

## Discussion

### I. Legal Standard

    This court must dismiss an *in forma pauperis* action if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2006); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners).

FINDINGS AND RECOMMENDATION      2

In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. Brodzki's Complaint is Frivolous

In *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 727 (1992), the Supreme Court noted that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. In accordance with Brodzki's previous lawsuits, where he has alleged the same or similar underlying factual content, I find his claims to be frivolous. *See, e.g., Brodzki v. N. Richland Hills*, No. 1:11-cv-04683-ENV-CLP (E.D. N.Y. October 31, 2011) (finding Brodzki's claims frivolous under 28 U.S. § 1915(e)(2)(B)(I)).

Brodzki's allegations, on their face, are irrational to say the least. For example, he claims the Federal Bureau of Investigation ("FBI") "has led a campaign of violating my civil rights and using high tech equipment to cause me problems and pain. The reasoning is when I was 17 years old, I took a picture of either a teenager, or an adult took a picture of my penis." (Compl. at 2.) Brodzki says "[t]he FBI has not substantiated what

FINDINGS AND RECOMMENDATION    3

their problem really is with me. Vera kapka told that the FBI was not going to take it up the ass from me anymore. Your honor, I was never giving it to the FBI up the ass." (Compl. at 2.) After referencing electronic disorientation equipment, Brodzki goes on to suggest that a tort action might lie for invasion of privacy because the FBI is listening to his thoughts. (Compl. at 2.) These allegations, coupled with the prayer for relief, $50,000,000 in damages and an injunction "TO STOP ALL HARASSMENT MIND AND BODY," make clear that the facts alleged in Brodzki's complaint "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

    Brodzki's complaint also suffer from several legal deficiencies. For example, Brodzki brings this action pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), yet he only names the United States of America as a defendant in this matter. *See Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988) (stating that, "[t]he *Bivens* remedy exists against individual officials, not against the United States."); *see also Garcia v. MCC Medical Staff*, No. 11-cv-1028, 2011 WL 2784600, at *2 (S.D. Cal. July 15, 2011) (holding that, "[a]s an initial matter the Court finds that this action must be dismissed as Plaintiff only names Federal agencies as Defendants.") In addition, although Brodzki's complaint states that this action was brought pursuant to 42 U.S.C. § 1983, he has failed to identify a person who, acting under the color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See Adams v. Arab*, No. CV-10-706-MMA, 2010 WL 3058373, at *2 (S.D. Cal. July 30, 2010) (same).

FINDINGS AND RECOMMENDATION    4

## Conclusion

For the reasons set forth above, Brodzki's complaint is frivolous and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because it is apparent from the face of the complaint that the deficiencies cannot be cured by amendment, dismissal of the complaint should be with prejudice. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). Additionally, the court should certify that any appeal from the dismissal of this proceeding would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[1]

## Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 30, 2012. The Findings and Recommendation will go under advisement on January 30, 2012.

Dated this _12th___ day of January, 2012.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

---

[1] *See Brodzki v. N. Richland Hills*, No. 1:11-cv-04683-ENV-CLP (E.D. N.Y. October 31, 2011) (same).

FINDINGS AND RECOMMENDATION     5